UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| REGENA EDMONDS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 2:16-cv-01373-SGC |
| ) | |
| CONWAY COURIER SERVICE, INC. d/b/a ) | |
| CCS Transportation, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER[1]

Pending before the undersigned is an unopposed motion for partial summary judgment filed by the defendants, Conway Courier Service, Inc. d/b/a/ CCS Transportation ("CCS") and Delbert Reed ("Reed") (collectively, the "defendants"). (Doc. 16). The defendants seek judgment in their favor on the claims of wantonness asserted against them by the plaintiff, Regena Edmonds ("Edmonds"). (*Id.*). For the reasons discussed below, the motion is due to be granted.

**I. Facts**

On August 25, 2015, Reed was driving a tractor-trailer for CCS on Hopewell Road in Bessemer, Alabama when he missed his turn into a brickyard he had not been to before. (Doc. 16-1 at 5, 7-8). He stopped, set his air brake, turned on his four-way flashing lights, and checked his mirrors. (*Id.* at 9-10). He did not see anything behind him and proceeded to back up. (*Id.* at 10). Edmonds, who was stopped two car-lengths behind Reed, honked and unsuccessfully attempted to reverse her 2001 Honda Civic. (*Id.* at 14-17). The rear of the Reed's tractor-trailer collided with the front bumper of Edmonds' vehicle. (*Id.* at 16-17).

---

[1] The parties have consented to the exercise of dispositive jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c). (Doc. 9).

Edmonds commenced an action in the Circuit Court of Jefferson County, Alabama, Bessemer Division, asserting claims for negligence and wantonness against Reed and seeking to hold CCS liable for this conduct under the theory of *respondeat superior*. (Doc. 1-1 at 14-17). The defendants timely removed the action to this district court on the basis of diversity jurisdiction. (Doc. 1).[2]

**II. Standard of Review**

Summary judgment is appropriate if the movant shows there is no genuine dispute as to any material fact and it is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). A district court must view the evidence in the light most favorable to the non-movant and draw all reasonable inferences in the non-movant's favor. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). A district court cannot grant summary judgment merely because a motion seeking it is unopposed. *United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004). The court must consider the merits of the motion, ensuring it is supported by evidentiary materials. *Id.*

**III. Discussion**

Under Alabama law, "wantonness" is "the conscious doing of some act or omission of some duty while knowing of the existing conditions *and* being conscious that, from doing or omitting to do an act, injury will likely or probably result." *Ex parte Essary*, 992 So. 2d 5, 9 (Ala. 2007) (emphasis in original). The undisputed facts show Reed missed a turn on a road that was not familiar to him and then backed up his tractor-trailer after taking precautions to satisfy himself no car was behind him. Although he was mistaken in his belief no car was behind him,

---

[2] Edmonds is a citizen of Alabama, CCS is an Arkansas corporation with its principal place of business in Arkansas, Reed is a citizen of Arkansas, and the amount in controversy exceeds $75,000. (Doc. 1 at 3-6). Therefore, federal subject matter jurisdiction exists pursuant to 28 U.S.C. § 1332.

his conduct does not rise to the level of wantonness. Accordingly, the defendants' motion for partial summary judgment is due to be granted as to Edmonds' wantonness claim against Reed.

Under Alabama law, an employer may be liable for the intentional torts of its agent if the employer participated in, authorized, or ratified the wrongful acts. *Jones Exp., Inc. v. Jackson*, 86 So. 3d 298, 304 (Ala. 2010). Proof of the employer's liability requires proof of the underlying tortious conduct of its agent. *Id.* at 304-05. Because Edmonds' wantonness claim against Reed fails, her attempt to hold CCS liable for Reed's wantonness under the theory of *respondeat superior* must fail, as well. Accordingly, the defendants' motion for partial summary judgment is due to be granted as to Edmonds' wantonness claim against CCS on the ground of *respondeat superior*.

## IV. Conclusion

For the foregoing reasons, the defendants' motion for partial summary judgment (Doc. 16) is **GRANTED**.

**DONE** this 17th day of September, 2018.

*/s/ Staci G. Cornelius*
STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE